**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| EDDIE M. KENNON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | C.A. No.: 0:06-1937-PMD-BM<br><br>**ORDER** |

This is an action brought pursuant to Title 42, Sections 405(g), of the United States Code, to obtain judicial review of the Commissioner of Social Security's final decision, which denied Eddie M. Kennon's ("Kennon" or "Plaintiff") claim for Disability Insurance Benefits ("DIB"). The record includes a Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) D.S.C., recommending that the Commissioner's final decision be adopted. Plaintiff timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

**BACKGROUND**

Plaintiff was born on January 28, 1948 and has an eighth grade education. In the relevant past, he has worked as a grounds man for a tree trimming company performing unskilled medium to heavy work. On September 25, 2001, when he was fifty-three years old, Plaintiff was involved in a motor vehicle collision. Following this collision, Plaintiff has been unable to return to his past work for any significant period of time due to cervical and lumbar pain. It is uncontested that Plaintiff suffers from chronic cervical syndrome and cervical degenerative disease. The Magistrate

Judge describes Plaintiff's relevant medical history in detail in the R&R. (R&R at 4-7.) The court adopts this description and incorporates it fully into this order.

Plaintiff applied for DIB on May 2, 2003, alleging disability as of September 25, 2001, due to chronic cervical syndrome and cervical degenerative disease. (R. pp. 44-6, 55.) Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 4, 2006. (R. pp. 220-63.) Thereafter, the ALJ denied Plaintiff's claim in a decision issued February 28, 2006. (R. pp. 9-19.) The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

### I.     MAGISTRATE JUDGE'S R & R

The Magistrate Judge recommended that the court affirm the Commissioner's decision to deny Plaintiff's claim. The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## III.    COMMISSIONER'S FINAL DECISION

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled.

> If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *See Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found (1) that Kennon meets the disability insured status requirements; (2) that he has not engaged in substantial gainful activity since the alleged onset date of September 25, 2001; (3) that his degenerative cervical disc and joint disease and chronic cervical syndrome are severe impairments but do not meet or equal a listed impairment; (4) that his other alleged impairments - diabetes and depression - are not severe and do not cause any functional limitations; (5) that Kennon's allegations regarding the intensity, duration, and limiting effects of his impairments are not fully credible; (6) that he retains the residual functional capacity ("RFC") to "sit, stand, and/or walk in any combination for the entire workday, lift and carry up to 25 pounds frequently and up to 50 pounds occasionally, and occasionally push and/or pull with the upper extremities (with no climbing ladders or scaffolds, proximity to hazardous equipment, or rapid movements of the neck, or work requiring literacy);" (7) that he is unable to perform his past relevant work; and (8) considering his age, education, work experience, and RFC, there are a

4

significant number of jobs in the national economy that Kennon could perform. Accordingly, the ALJ found that Kennon is not under a "disability" as defined by the Social Security Act. This decision is the final decision of the Commissioner.

## IV.   ANALYSIS

The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and recommended that the Commissioner's final decision be affirmed. Plaintiff objects to this recommendation, asserting that the ALJ (1) improperly weighed the medical opinions of Kennon's treating physicians; (2) improperly assessed Plaintiff's credibility; (3) failed to investigate Plaintiff's claims of depression; (4) failed to consider the effects of Plaintiff's impairments in combination; and (5) erred in concluding that Plaintiff has the RFC to work as a sweeper medium work despite his severe impairments. The court notes that these objections are identical to the arguments Plaintiff raised in his initial brief and that were fully addressed by the Magistrate Judge in the R&R. Plaintiff does not identify specific objections to the R&R's findings of fact; rather, he disagrees generally to the Magistrate Judge's conclusions and asks the court to reconsider his original arguments. Courts have held *de novo* review to be unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982); *see, e.g., United States v. Mertz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980). Nonetheless, the court briefly considers Plaintiff's objections.

**1.**     Plaintiff asserts that the ALJ failed to state what weight, if any, he gave to the opinions of Kennon's treating physician, Dr. Sam Stone, in determining Plaintiff's RFC. For this reason, he asserts that the Magistrate Judge erred in finding that the ALJ conducted a proper analysis.

The court disagrees. In his initial brief, Plaintiff argued that the ALJ failed to give proper weight to Dr. Stone's February 3, 2003 statement that "with his present condition, there is no way [Plaintiff] can return to his present job or do anything that requires manual lifting, etc." (R. pp. 151.) However, as the R&R correctly noted, "this was not a statement of disability and . . . the ALJ's conclusions as to Plaintiff's residual functional capacity are [not] inconsistent with Dr. Stone's medical records or with the other medical evidence." (R&R at 8.) In his objections, Plaintiff does not identify an instance in which Dr. Stone expressed an opinion which contradicts the ALJ's finding that Plaintiff is unable to return to his past work but has the RFC to perform medium work. As such, after reviewing the voluminous medical record of this case, the court finds that the opinions of Plaintiff's treating physicians - regardless of the weight ascribed to them - provide substantial evidence in support of the ALJ's RFC assessment. As such, the Magistrate Judge did not err in finding that the ALJ conducted a proper analysis of the treating physicians' opinions.

**2.**     Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ performed an adequate analysis of Plaintiff's credibility in discounting his subjective claims of pain. Plaintiff argues that the ALJ erred by "rely[ing] upon the opinions of nonexamining State agency physicians and selected sentences from medical records while ignoring portions of medical records that support Mr. Kennon's credibility."[1] (Objections at 3.) Plaintiff correctly notes that where a claimant proves the existence of a medical condition that could cause pain, the claimant's subjective complaints must be considered by the ALJ, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective evidence. *Mickles v. Shalala,* 29 F.3d 918, 919 (4th Cir. 1994).

---

[1] Plaintiff does not direct the court to the specific portion of the medical record which allegedly supports Kennon's credibility.

6

This objection is without merit. An ALJ need not accept subjective claims of pain to the extent they are inconsistent with the available medical and non-medical evidence. Where the ALJ makes a determination regarding a claimant's credibility, the ALJ must adequately "explain[] the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." Social Security Ruling 96-7p. If the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination. *Mastro v. Apfel*, 270 F.3d at 176 (holding that the court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency). Such substantial evidence includes: the use and effects of medications, the claimant's ability to perform daily activities, the consistency of the claimant's allegations, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges she suffers. Social Security Ruling 96-7p.

In this case, Plaintiff's impairments - chronic cervical syndrome and degenerative cervical disc and joint disease - are of the nature and type that can produce significant pain; however, the ALJ adequately explained and supported by substantial evidence his finding that Plaintiff's claimed limitations were not totally credible. The ALJ properly considered the following non-medical evidence: testimony at the hearing revealed that Plaintiff walks several miles a day, that he drove for an hour to attend the hearing and recently drove to Charleston for a weekend trip, and that he does a little yard work and attends to his own personal needs. The ALJ also noted that the medical evidence does not indicate that Plaintiff's impairments cause him to suffer the severe pain he claims. While Plaintiff alleges significant limitations, no treating or examining physician has indicated that Plaintiff's impairments limit his functional capacity to the extent he claims. *Melton v. Apfel*, 181

7

F.3d 939, 942 (8th Cir. 1999) (holding that lack of medically necessary restrictions supported ALJ's finding that Plaintiff was not disabled). Further, the medical evidence indicates that medication has been "very helpful" in reducing Plaintiff's pain. The ALJ properly considered this medical evidence, as well as the relevant non-medical evidence, in analyzing the credibility of Plaintiff's subjective claims of pain. For these reasons, the Magistrate Judge did not err in finding that the ALJ performed a proper credibility analysis.

**3.**     Plaintiff objects to the Magistrate Judge's finding that the ALJ had no duty to further develop the record regarding the extent and severity of Plaintiff's depression. Plaintiff asserts that the ALJ erred by not seeking additional evidence or clarification from a medical source once Plaintiff testified at the administrative hearing that he suffered from depression and occasionally took anti-depressants.

The court disagrees. While an ALJ does have a duty to develop the record,[2] the regulations require only that the medical evidence be complete enough to make a determination regarding the nature and effect of the claimed disability, the duration of the disability, and the claimant's residual functional capacity. *See* 20 C.F.R. § 416.913(e). In this case, while Plaintiff testified at the hearing that he suffered symptoms of depression, Plaintiff did not claim that this condition constituted a disability.[3] (R. pp. 55.) Accordingly, because depression was not a claimed disability, the ALJ was under no duty to make a determination regarding this alleged impairment. Furthermore, the court notes that the claimant bears the burden of putting forth all evidence of his mental impairments. 20

---

[2] *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

[3] In his application for disability insurance benefits, Plaintiff listed "chronic cervical syndrome" and "cervical degenerative disc disease" as his conditions limiting his ability to work. (R. pp. 55.)

C.F.R. §§ 404.1512(a), 416.912(a) (1994). As such, the ALJ was not required to order psychological testing of Plaintiff as Plaintiff could have elected to be psychologically tested at any time during the pendency of these proceedings. *Colvard v. Chater*, 1995 WL 371620, *2 (4th Cir. 1995) (finding that ALJ was not required to order an IQ test of claimant because claimant bears burden of proving mental impairments). Also, as the Magistrate Judge correctly noted in the R&R, no medical evidence supported Plaintiff's assertion at the hearing that he suffered from depression. (R&R at 10.) As such, the ALJ properly discredited this claim without further developing the record.

The court also notes that an ALJ's duty to fully inquire into each issue is "particularly important when a claimant *appears without the assistance of counsel*." *Marsh v. Harris,* 632 F.2d 296, 299 (4th Cir. 1980) (emphasis added). The Fourth Circuit later stated in *Johns v. Sullivan,* 947 F.2d 941 (Table), 1991WL 217045, at *2 (4th Cir. Oct. 28, 1991), it is well-settled that in DIB hearings, the administrative law judge has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts in a case involving an unrepresented, poorly-educated pro se claimant." *Id.* at *2. The record in this case shows, however, that Plaintiff was represented by his attorney, Jack G. Leader, Esq., at the administrative hearing. (R. pp. 222.) Plaintiff's attorney thoroughly examined Plaintiff at the hearing, eliciting testimony regarding his physical limitations, daily activities, pain level, and mental condition. Under these circumstances, it cannot be said that Plaintiff was denied a fair opportunity to be heard or was prejudiced in any way such that remand to develop the record is appropriate. *See Scott v. Barnhart*, 2006 WL 437503 (W.D. Va. Feb. 21, 2006).

For these reasons, the court finds that the ALJ developed the record so as to assess the nature

9

and effect of Plaintiff's claimed disabilities, and that evidence provided was sufficient for the ALJ to make such a determination.[4] Accordingly, this case does not require a remand for further development of the record.

**4.** Plaintiff objects that the Magistrate Judge erred in finding that the ALJ properly evaluated Kennon's residual functional capacity. In the R&R, the Magistrate Judge noted that the ALJ accurately described the medical and non-medical evidence concerning Plaintiff's condition and noted several specific facts from the record regarding Plaintiff's limitations, after which the ALJ made a residual functional capacity finding not inconsistent with these factors. As such, the Magistrate Judge found Plaintiff's argument "that the ALJ should have gone into greater detail with respect to his findings is without merit, as 'the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.' " (R&R at 11 (citing *Delgado v. Comm'r of Soc. Sec.*, 30 Fed.Appx. 542, 548 (6th Cir. March 4, 2002).) Plaintiff objects to this finding, reasserting his argument that the ALJ did not adequately explain his evaluation of the combined effects of Kennon's impairments and failed to properly evaluate his medical conditions.

This objection is also without merit. Plaintiff does not describe in what way the ALJ's analysis was deficient, nor does Plaintiff point to any evidence within the record that the ALJ failed to consider. Further, Plaintiff presents no evidence indicating that the Magistrate Judge applied the substantial evidence test without considering all the evidence before the ALJ. Because Plaintiff fails

---

[4]The court further notes that Plaintiff does not identify what the allegedly missing evidence would have shown; rather, he merely speculates that having that evidence might have produced a different result. *See Scarberry v. Chater,* 1995 WL 238558, *4 (4th Cir. 1995).

to identify a specific objection to the Magistrate Judge's finding, the court dismisses this objection without further consideration. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983) (holding that in the absence of specific objections to the R&R of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation).

**5.** Finally, Plaintiff reasserts his argument that the ALJ erred by failing to inquire of the vocational expert ("VE") if there was any conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony. The Magistrate Judge addressed this argument in his R&R and found that because there was no apparent conflict between the VE's testimony that, considering Plaintiff's limitations and RFC, he could perform the work of a "sweeper" and the DOT's description of the sweeper position, the ALJ's failure to ask the VE whether the evidence provided conflicted with the DOT was harmless error. Plaintiff objects to this finding, asserting that "SSR 96-8p REQUIRES the ALJ to determine if conflicts exist and if so to resolve these conflicts. It cannot be considered harmless error for the ALJ and the Commissioner to fail to follow their own rules." (Objections at 6 (emphasis in original).)

The court rejects this objection. It is well established that where an ALJ's error has no practical effect on the outcome of the case, this error is not cause for reversing the Commissioner's decision. *See Mickles*, 29 F.3d at 921 (holding that although ALJ erred in relying upon lack of medical evidence in assessing credibility of claimant's claims of pain, error was harmless where ALJ cited "many additional reasons . . . for finding her testimony not credible"). Accordingly, because the ALJ's decision is supported by substantial evidence despite his failure to ask the VE whether the evidence provided conflicted with the requirements of the DOT, the court finds that the error was harmless and does not require reversal of the Commissioner's decision.

11

## **CONCLUSION**

For the foregoing reasons, the court adopts in full the recommendation of the Magistrate Judge and finds that the ALJ applied the correct legal standard and that his decision to deny benefits was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see also Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). It is therefore **ORDERED** that the Commissioner of Social Security's decision to deny Plaintiff Eddie M. Kennon's claim for Disability Insurance Benefits is **AFFIRMED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 15, 2007.**